IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THE NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, ) ) ) | |
| Plaintiff, ) ) ) | Case No. 07-CV-0569 |
| v. ) ) | |
| LOREN STOCKER, ) ) ) | |
| Defendant. ) | |

### FINAL JUDGMENT

This matter having come before the Court for entry of final judgment with the consent of both parties, it is ORDERED, ADJUDGED, and DECREED as follows:

1. Plaintiff, The National Collegiate Athletic Association ("NCAA"), is a not-for-profit association with its principal place of business in Indianapolis, Indiana.

2. Defendant, Loren Stocker, is a California resident residing at 12579 Ruette Alliante, #139, San Diego, CA 92130, and a business address at 1431 Camino Del Mar, Suite D, Del Mar, CA 92014.

3. This Court has subject matter jurisdiction because this is an action arising under the Trademark Laws of the United States joined with related state law claims, jurisdiction being conferred by 15 U.S.C. §1121 and 28 U.S.C. §1338(a). This court has supplemental jurisdiction over all related state and common law claims in accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. §1367.

4. The NCAA is a non-profit organization comprised of over 1200 public and private colleges and universities throughout the United States. The NCAA is responsible for

organizing, sanctioning, coordinating, and promoting intercollegiate athletic competitions among its member institutions.

5. The NCAA has used the mark NCAA since 1911 in connection with its various intercollegiate athletic association services and related products and services.

6. The NCAA has registered its NCAA mark in the United States Patent and Trademark Office. The NCAA's registrations include, but are not limited to:

| **MARK** | **GOODS AND SERVICES** | **REG. NO. AND DATE** |
|---|---|---|
| NCAA | Association services-namely, promoting and encouraging physical fitness programs, amateur sports participation and athletic programs at the college level; providing counseling in the field of college and intercollegiate athletic administration; establishing rules for radio broadcasting and telecasting of amateur sporting events; formulating guidelines for the provision of financial aid to student-athletes; and disseminating information with reference to physical education, collegiate sports and athletic activities. | 976,117 (Jan. 1, 1974) |
| NCAA | Wearing apparel; namely, caps, visors, jerseys, tee shirts, shorts, sweaters and jackets. | 1,483,616 (Apr. 5, 1988) |
| NCAA | Sporting goods – namely, basketballs, volleyballs, soccer balls, water polo balls, softballs, baseballs and footballs. | 1,508,377 (Oct. 11, 1988) |
| NCAA | Printed matter; namely, programs for athletic contests, occasional magazines directed to sports, newspapers directed to sports, informational brochures directed to sports, all at the college level, and informational brochures directed to licensing and marketing of sports related goods and services at the college level. | 1,790,366 (Aug. 31, 1993) |
| NCAA | Promoting the goods and services of others by allowing sponsors to affiliate their goods and services with intercollegiate athletic events. | 2,401,927 (Nov. 7, 2000) |
| NCAA | Entertainment services, namely, athletic contests, games, tournaments, exhibitions and events at the college level; production of video tapes, audio tapes, CD-ROMs, CDs and DVDs featuring athletic contests, games, tournaments, exhibitions and events at the college level, and sports highlights and features thereof; disseminating information pertaining to physical education, college sports and athletic activities; distribution of radio, television and Internet programming featuring athletic contests, games, tournaments, exhibitions and events at the college level, and sports highlights and features thereof; and promoting and encouraging physical fitness programs, amateur sports participation, and athletic programs at the college level; Providing | 2,836,789 (Apr. 27, 2004) |

| MARK | GOODS AND SERVICES | REG. NO. AND DATE |
|---|---|---|
|  | counseling in the field of college and intercollegiate athletic administration; establishing rules for the sanctioning of amateur college athletic events; and formulating guidelines for the provision by others of financial aid to student-athletes. |  |
| NCAA | *Inter alia*, services providing information in the field of college sports via the Internet. | 2,964,291 (June 28, 2005) |

Registration Nos. 976,117; 1,483,616; 1,508,377; 1,790,366; 2,401, 927 are incontestable pursuant to 15 U.S.C. §§ 1064 and 1115(b).

7. Through the years, the NCAA, its licensees and marketing agents have invested heavily in marketing products and services under the NCAA marks, devoting many millions of dollars marketing products and services through a variety of media, including but not limited to television, radio, magazines, newspapers and the Internet.

8. In support of its online services, NCAA has registered and uses a number of domain names that incorporate its NCAA mark, including, but not limited to, **ncaa.org, ncaa.com,** and **ncaasports.com.**

9. As a result of the NCAA's marketing and sales success, and since long prior to 1997, the NCAA mark is and has been a famous trademark that is immediately recognizable as identifying the NCAA and its member institutions, as well as the NCAA's tournaments and related products and services in the United States.

10. In 1997, Defendant registered the Internet domain name **ncaa.net** ("Domain").

11. The Domain contains and is confusingly similar to, and dilutive of NCAA's famous and distinctive NCAA mark.

12. Defendant, and all others in active concert or participation with him who receive actual notice of this Order, are permanently enjoined from:

3

    a.    using NCAA's NCAA mark, any colorable imitation or simulation of it, or any mark likely to dilute it;

    b.    registering or using, directly or indirectly, **ncaa.net**, or any other domain name that contains the NCAA mark, or any colorable imitation, simulation or typographical variation of it, either alone or in combination with any other term, or any domain name that is confusingly similar to any of the above;

    c.    doing any act or thing likely to induce the belief that Defendant's products or services are in any way legitimately connected with, or sponsored or approved by, NCAA; and

    d.    doing any act or thing likely to dilute the distinctiveness of NCAA's NCAA mark.

2.    To the extent to which Defendant has not already done so, Defendant, within 5 days of this Order is required to:

    a.    assign to NCAA the registration of, and all rights in and to, the domain name **ncaa.net**, as well as any other domain name covered by Paragraph 1.b; and

    b.    take all steps necessary to effectuate the transfer to NCAA of the domain name **ncaa.net**, as well as any other domain name covered by Paragraph 1.b.

Dated: August 16, 2007

By: LOEB & LOEB LLP
/s/ Nathan J. Hole
Douglas N. Masters
Nathan J. Hole
321 North Clark Street, Suite 2300
Chicago, Illinois 60610
Tel: (312) 464-3100
Fax: (312) 464-3111

Attorneys for Plaintiff

Date: August 17 2007

Loren Stocker

**SO ORDERED:**

Date: 08/22/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

4

CH35196.3
205125-10039